IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANDRE LANDRUM, #163 814, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-674-MHT |
| | ) | [WO] |
| OFC. MITCHELL, *et al.*, | ) | |
| | ) | |
|    Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate in the custody of the Alabama Department of Corrections, filed this civil action on August 15, 2016. Doc. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. Doc. 2. Although this document was accepted for filing, Plaintiff failed to sign it as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a) (requiring that every pleading, motion, and other paper filed with the court be signed by the party or the party's attorney of record). Consequently, the court entered an order on August 18, 2016 directing the Clerk to return Page 2 of Document 2 to Plaintiff and advising Plaintiff that if he wished the court to consider his request for leave to proceed *in forma pauperis*, he should sign the page returned to him and re-file it with the court on or before September 1, 2016. *See* Doc. 3. Plaintiff was cautioned that his failure to comply with the August 18th order would result in a recommendation by the undersigned that this case be dismissed. Doc. 3.

As of the present date, Plaintiff has filed nothing in response to the order of August 18, 2016. As a result of Plaintiff's noncompliance, which presumably indicates an abandonment of Plaintiff's claims or at least a refusal to participate meaningfully in the litigation process, the court concludes that this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th

Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to comply with the order of this court.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on Plaintiff. Plaintiff may file any objections to this Recommendation **on or before October 13, 2016**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 22nd day of September, 2016.

    /s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE